# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARY S. USRY, )
)
    Plaintiff, )
)
v. ) Case No. CV411-280
)
LIBERTY REGIONAL MEDICAL )
CENTER, INC., )
)
    Defendant. )

## ORDER

The Court held a telephone conference at the parties' request on May 9, 2012 to address a discovery dispute related to plaintiff's impending deposition (scheduled for tomorrow). Defendant's counsel intends to have defendant's Director of Human Resources attend that deposition. Plaintiff objects to that person's presence and prefers that defendant's CEO attend instead. Defendant's HR director is referenced in the complaint, doc. 1 at ¶ 20, and both parties agree that she may be a witness in the case.

"Witness sequestration 'is not available as a matter of right in pretrial depositions.'" *Equal Employment Opportunity Commission v. JVS USA, LLC*, 2012 WL 934205 at *2 (D. Colo. March 20, 2012).

However, a court may "for good cause" issue an order protecting a party "from annoyance, embarrassment, oppression, or undue burden or expense [by] . . . designating the persons who may be present" during a deposition. Fed. R. Civ. P. 26(c)(1)(E). Here, plaintiff offered two reasons for the exclusion of defendant's HR director from the deposition: (1) the fear that she may shape her own testimony based on facts or information she learns during plaintiff's deposition, and (2) the fear that plaintiff may somehow be intimidated or bullied by the mere presence of this person.

"The decision to issue a protective order rests within the sound discretion of the trial court." *JVS USA, LLC*, 2012 WL 934205 at *2. After hearing counsel out on this matter, the Court has determined that plaintiff has not made a showing of good cause under Rule 26(c)(1)(E). Accordingly, defendant's Human Resources director may attend plaintiff's deposition.

**SO ORDERED** this 9f day of May, 2012.

UNITED STATES MAGISTRATE JUDGE
**SOUTHERN DISTRICT OF GEORGIA**

2